Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 96 C 50239 | **DATE** | 7/31/2001 |
| **CASE TITLE** | DEKALB GENETICS CORP. vs. PIONEER HI-BRED INTERNATIONAL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] As stated in the attached order, Pioneer's motion for further limited discovery is hereby denied. Enter attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: tml

*JUL 31 2001 date docketed

7/31/2001 date mailed notice

Document Number: 399

2001 JUL 31 AM 10: 28
U.S. DISTRICT COURT
CLERK

DOCKETED
FILED-WD JUL 3 1 2001
2001 JUL 31 AM 10:26
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORP. | Case No. 96 C 50112, 96 C 50239, 96 C 50240, 96 C 50288 & 98 C 50186 |
| Plaintiff, | |
| v. | Philip G. Reinhard |
| | P. Michael Mahoney |
| PIONEER HI-BRED INTERNATIONAL, INC. | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### Pioneer's Motion to Add Monsanto

In the 96 C 50112 and 98 C 50186 cases pending before this court, Defendant, Pioneer, seeks to add Monsanto Company (Monsanto) as a proper plaintiff. Pioneer seeks to add Monsanto as a plaintiff under Rule 19, 20 or 25. For the following reasons, this court denies Pioneer's motion.

This motion was initially brought by Pioneer in the 96 C 50112 ('96) case, on January 19, 2001, and was denied by Judge Reinhard in a pretrial hearing on February 9, 2001. (Hearing Tr. 2/9/01 at 10). At that time, Judge Reinhard determined that Monsanto was not a proper party as Monsanto was not the holder of the patent at issue. (Hearing Tr. 2/9/01 at 10). The '96 case was then tried to a jury in February of 2001, ending in a mistrial on February 23, 2001, when the jury failed to reach a unanimous verdict. That case is now scheduled for a new trial on October 1, 2001. With trial looming so near in the '96 case, Pioneer has a substantial burden in demonstrating not only that adding Monsanto as a proper plaintiff is necessary, but also that doing so will not prejudice DeKalb or delay this already protracted litigation.

**Rules 19 and 20**

In support of its motion to add Monsanto pursuant to Rules 19 and 20, Pioneer seeks to prove that Monsanto and DeKalb are not separate corporate entities, that DeKalb is merely the alter-ego of Monsanto and that the corporate veil should be pierced. Generally, when a party claims that someone is merely the alter ego of another party, they are really attempting to collect a debt or a judgment. However, that is not the situation in this case. Pioneer seeks to add Monsanto in order to obtain access to discovery from Monsanto. (Pioneer's Motion at 3, filed 4/24/2001). Illinois law provides that a corporate veil may be pierced in cases where there is "such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist; and second, circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Van Dorn Co. v. Future Chemical and Oil Corp.*, 753 F.2d 565, 569 (7th Cir 1985). In determining the first prong of the analysis, Illinois law focuses on four factors: 1) the failure to maintain adequate corporate records or comply with corporate formalities; 2) the commingling of funds or assets; 3) undercapitalization; and 4) one corporation treating the assets of another as its own. *Sea-Land Services, Inc. v. The Pepper Source*, 941 F.2d 519 (7th Cir. 1991) citing *Main Bank of Chicago v. Baker*, 427 N.E.2d 94, 101 (1981).

In support of its argument for piercing the corporate veil, Pioneer asserts that the four factors of the first prong can be adequately demonstrated with respect to Monsanto and DeKalb. Pioneer asserts that DeKalb exists as nothing more than a brand name of Monsanto, with no corporate existence. DeKalb has no corporate offices outside of Monsanto, no independent employees and files with the Securities and Exchange Commission jointly with Monsanto. (Pioneer's Motion at 9, filed 4/24/2001). Pioneer further states that DeKalb has failed to maintain corporate formalities,

2

conducts no officers' or directors' meetings and does not maintain separate corporate records. (Pioneer's Reply at 6, filed 5/31/2001). Pioneer states that DeKalb has no corporate capital, that Monsanto owns or controls all DeKalb assets and DeKalb is a mere shell for Monsanto. (Pioneer's Reply at 6. filed 5/31/2001). The burden of proving the necessity of piercing a corporate veil is substantial, "Given the reluctance of courts to pierce the corporate veil, a party seeking this remedy has the substantial burden of showing that the corporation is merely a sham which exists for the benefit of another dominating entity, its alter ego." *Liberty Mutual Insurance Co. v. M & O Springfield Co.*, 1998 U.S. App. LEXIS 31974 (7th Cir. 12/17/1998) (citing *Jacobson v. Buffalo Rock Shooters Supply Co.*, 664 N.E.2d 328, 331 (Ill. App. Ct. 1996)). It is not clear from the submissions of the parties what piercing the corporate veil has to do with third party discovery. If Pioneer wanted to use discovery from Monsanto in this action, then they should have discovered the material from Monsanto through third party discovery, included it in their 26(a)(2) expert reports and placed it in the final pretrial order. Pioneer's claims that Monsanto resisted all attempts at discovery are not relevant here and should have been addressed much earlier in this litigation through motions to compel and for sanctions.

That aside, as to the second prong of the test for piercing the corporate veil, Pioneer has failed to demonstrate that piercing the corporate veil is necessary to prevent a fraud or injustice. *See, Sea-Land Services, Inc.* at 522. Illinois courts have required that parties seeking to pierce the corporate veil must establish the existence of an element of unfairness, akin to fraud or deception, or a compelling public interest. *Pederson v. Paragon Pool Enterprises*, 574 N.E.2d 165 (1st Dist. 1991). In support of this second prong of the analysis, Pioneer asserts that failing to join Monsanto will allow Monsanto to commit a gross fraud on the public, as the fiction of separate corporate

3

identities will permit Monsanto to sustain otherwise invalid patents. (Pioneer's Motion at 11, filed 4/24/2001). The basis for this contention is that without joining Monsanto as a party in this litigation, Pioneer will be unable to introduce evidence of Monsanto's prior inventorship. This would allow DeKalb and Monsanto to benefit from an invalid patent. Pioneer is not claiming that Monsanto is attempting to evade any corporate liability through their maintenance of a separate legal identity for DeKalb. Pioneer appears to be asserting that Monsanto is taking inconsistent positions in two separate pending litigations and should be estopped from doing so. *See, New Hampshire v. Maine*, 121 S. Ct. 1808, 1814 (2001). If that is Pioneer's position, then an appropriate motion would be to request that Monsanto be precluded from asserting such inconsistent positions instead of a motion to add Monsanto as a party.

Rule 19 provides for the joinder of persons necessary for just adjudication. Fed. R. Civ. P. 19. Rules 19 states that parties whose joinder will not deprive the court of jurisdiction shall be joined if 1) complete relief cannot be accorded in their absence or 2) the party claims an interest in the subject matter of the action and the party's absence may impede that party's ability to protect their interest or leave persons already parties subject to substantial risk of incurring inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a). The term "complete relief" in Rule 19 refers only to relief between those who are already parties to the litigation and does not refer to relief between a party and an absent non-party. *Bourne v. Hunter Country Club, Inc.*, 990 F.2d 934 (7th Cir. 1993).

Pioneer has stated that joinder of Monsanto pursuant to Rule 19(a) is permissible in this case because Monsanto and DeKalb, as parent and subsidiary, have substantially identical interests in the litigation. Further, Pioneer contends that Monsanto's presence is crucial to the disposition of

4

important issues of fact. Pioneer argues that the failure to join Monsanto will result in relevant evidence regarding Monsanto's production of fertile, transgenic, insect resistant Bt corn remaining absent from the litigation. Pioneer's failure to adequately obtain that information through discovery on Monsanto as a third party, however, cannot justify adding Monsanto as a party to this litigation now in its final stages.

Pioneer has failed to demonstrate that Monsanto is a necessary party pursuant to Rule 19. Monsanto did not own DeKalb prior to the commencement of this litigation. Had Monsanto not bought DeKalb, Pioneer would have no basis for adding Monsanto as a plaintiff. The fact that Monsanto did purchase DeKalb and that DeKalb is now a wholly owned subsidiary of Monsanto does not justify a finding that Monsanto is now a necessary party in either the '96 or the '98 case. The issue Pioneer seeks to address through the joinder of Monsanto (whether Monsanto and not DeKalb produced the first fertile Bt corn plant) is not related to whether or not DeKalb is or is not a separate legal entity from Monsanto. After all, Pioneer itself has since been acquired by a larger corporation and no motion has been made to join that corporation as a defendant in these proceedings.

Rule 20 governs the permissive joinder of parties. Rule 20(a) provides "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). In addition to the requirements of Rule 20, courts are permitted to consider other relevant factors in order to determine whether permissive joinder of a party will comport with principles of fundamental fairness. *Chavez v. The Illinois State Police*, Nos. 99-3691 and 00-1462, 2001 U.S. App. LEXIS

10560, at *38 (7th Cir., May 23, 2001). The most relevant factor, with respect to the '96 case, is that it is scheduled for retrial in October. Discovery in that case is closed, the Final Pretrial Order has been signed and the parties have already undergone one trial and should be able to consider themselves fully prepared for the retrial in October. The only reason advanced by Pioneer to add Monsanto as a party is to gather and introduce additional evidence. Pioneer's motion to add Monsanto is a thinly veiled attempt to avoid the discovery deadlines previously set by this court and will not be allowed.

As to the '98 case, the deadline for adding new parties has not yet passed. Fact discovery is open until February 1, 2002, and a tentative dispositive motion due date, subject to district court approval, is April 30, 2002. Therefore, many of the concerns expressed by the court in regard to the '96 case are not present. The court notes, however, that the only reason advanced by Pioneer for the addition of Monsanto as a party is for evidentiary purposes – an attempt to see that certain evidence is brought out and is produced to the court and the factfinder. Adding Monsanto as a party in order to obtain discovery is not necessary in the '98 case. Pioneer has ample time to prepare its fact discovery and there is no need to add a party in order to ensure that the discovery it seeks will be introduced into evidence. Pioneer has, in fact, not provided a sufficient reason for the court to add Monsanto as a party pursuant to Rule 20 regarding permissive joinder. There is no claim of any fraudulent transfer of assets. There is no claim that any decision will not be binding on Dekalb and Monsanto. No reason has actually been advanced which would incline the court to grant the motion under Rule 20.

**Rule 25**

Rule 25(c) provides that in the case of a transfer of interest, an action may be continued by

or against the original party unless the court directs, upon motion, that the transferee of the interest be substituted in the action or joined with the original party. Fed. R. Civ P. 25(c). Rule 25(c) provides the court with the discretion to either join or substitute the transferee or to retain the original party in cases where the interest in the litigation has been transferred. Given the late stage of the litigation in the '96 case, this court declines to grant the motion to add Monsanto pursuant to Rule 25(c). With respect to the '98 case, there has been no reason put forward by Pioneer which would persuade the court to substitute Monsanto in the place of DeKalb. The same reasons for the court declining to substitute in the '98 case under Rule 20 are applicable under Rule 25(c).

**Pioneer's Motion for Further Limited Discovery**

In addition to the motion to add Monsanto, Pioneer also seeks to reopen discovery in the '96 cases (96 C 50112, 96 C 50239, 96 C 50240 and 96 C 50288). Pioneer seeks discovery for the limited purpose of taking the depositions of eight people and obtaining documents and things relevant to Monsanto's earliest productions of fertile, transgenic, insect resistant corn expressing a Bt gene. Pioneer also seeks to then update the pleadings, discovery responses and expert reports to conform to this new evidence. (Pioneer's Motion at 1, filed 5/21/2001). In support of its motion for additional discovery, Pioneer states that despite diligent discovery requests, it was unable to obtain more than halting compliance in discovery from Monsanto. Pioneer also claims that DeKalb did not permit it to use evidence obtained in the *Novartis* case in Delaware in this litigation even though it had been previously agreed that such evidence could be used here. (Pioneer's Motion at 2-3, filed 5/21/2001). Pioneer states that DeKalb will not be prejudiced if this court allows additional limited discovery because 1) it has already been to trial on this information in Delaware; 2) the same counsel who represented it in Delaware represents DeKalb here; 3) there is adequate time for DeKalb to

7

prepare for trial in October; and 4) DeKalb was actually prepared to address this information in the previous, February 2001 trial. (Pioneer's Motion at 3, filed 5/21/2001).

Pioneer has a point. In support of its motion, Pioneer has provided this court with a copy of the agreement between Pioneer, Monsanto and DeKalb regarding the use of evidence from the *Novartis v. Monsanto*[1] trial in Delaware in this litigation. That agreement, dated February 10, 1999, and signed by counsel for Novartis, Pioneer, Monsanto and DeKalb, provides

> Notwithstanding the provisions of Paragraphs 3 - 6 of this order, the parties agree that Pioneer may use the information set forth in Paragraph 1 in connection with the litigation in the United States District Court for the Northern District of Illinois captioned *DeKalb Genetics Corporation v. Pioneer Hi-Bred International, Inc.* Case Nos. 96 C 50112, 96 C 50113, 96 C 50288 and 98 C 50186, without further notice to Monsanto or Novartis, subject to the provisions of the protective order entered in the above *DeKalb* actions ... (Agreed Order on Pioneer's Motion to Intervene at 3, filed 2/10/1999).

Pioneer has also provided this court with transcripts of proceedings before the Delaware court which indicate that a Monsanto scientist, Michael Fromme, stated in response to questions that, to his knowledge, Monsanto was the first organization to produce fertile transgenic corn plants expressing the Bt gene. (Pioneer's Memorandum, Exhibit 2, page 1189, filed 5/22/2001). Such evidence appears highly relevant to the issue of the validity of DeKalb's patent. Evidence that Monsanto produced the first Bt corn plant supports Pioneer's arguments that DeKalb's patents are invalid. This is evidence that the fact finder may find useful. Monsanto and DeKalb cannot both have been the first to produce Bt corn plants and Monsanto may not take inconsistent positions as to who was first.

A brief review of the dockets in these cases demonstrates that the fact discovery cut-off in the '96 cases was first set for October 1, 1997. On September 11, 1997, the discovery deadline was

---

[1] *Novartis Seeds, Inc. v. Monsanto Company*, Civil Action No. 97-39-RRM and 97-40-RRM.

extended to April 15, 1998. The deadline was then extended to May 29, 1998, and the expert discovery for all the '96 cases was consolidated on April 2, 1998. On May 29, 1998, this court approved the parties' schedule which extended damages discovery to August 28, 1998. On August 27, 1998, the schedule was extended further when a case management order was entered that provided that discovery regarding liability and damages would close on October 2, 1998. That order also provided that 26(a)(2) burden based and damages expert reports would be due on October 30, 1998, responsive reports would be due January 8, 1999, depositions of experts would conclude by February 15, 1999, and willfulness discovery would close on February 15, 1999. On December 17, 1998, the due date for the 28(a)(2) reports was extended to January 22, 1999, and the date for expert depositions was extended to March 17, 1999. On February 4, 1999, the date for depositions was again extended to March 27, 1999. The deadline for willfulness discovery was extended on March 18, 1999, to May 17, 1999, again to September 17, 1999, again to November 15, 1999, again to May 1, 2000 and finally to July 5, 2000. The deadlines for expert discovery and depositions were extended on May 21, 1999, to October 1, 1999. On September 23, 1999, expert discovery on damages was extended to February 1, 2000. The various deadlines for expert reports were extended on June 2, 2000, July 17, 2000, September 8, 2000 and September 20, 2000. On November 2, 2000, the damages discovery deadline was set for December 1, 2000. After these numerous modifications to and extensions of the schedule, discovery in the 96 C 50112 case was finally completed shortly before the trial set for February 12, 2001. As late as January 3, 2001, the parties were engaged in ongoing discovery when DeKalb filed a motion to strike new reports from Pioneer's expert witnesses. (DeKalb's Motion to strike, filed 1/3/ 2001). After the issue was briefed, this court ruled that Pioneer's reports be stricken as untimely. (Order, filed 2/5/2001). As stated above, the February

12, 2001, trial ended in a mistrial on February 23, 2001, with the jury being unable to reach a unanimous verdict. Pioneer now seeks to reopen discovery. Inevitably, if Pioneer were allowed to do as it wants, substantial factual discovery would have to take place on both sides. This court would then have to reopen the expert discovery to allow the experts to modify their 26(a)(2) reports to address the new evidence. The delay would be substantial. As is clear from the numerous modifications to the schedule listed above, the parties have had more than enough time to compile the evidence needed to litigate these cases. No further delays will be allowed.

Pioneer has not demonstrated that it has moved expeditiously to ensure that no prejudice results to Defendant as a result of its untimely motions. The agreement on which Pioneer relies to demonstrate the need for additional discovery was signed by Pioneer, Novartis, Monsanto and DeKalb on February 10, 1999. Therefore, Pioneer had access to the discovery it now seeks in this litigation for as long as two years prior to the February 2001 trial. Pioneer had knowledge of Monsanto's claims regarding their inventorship of the Bt corn plant early enough that had it acted in a timely manner, the invalidity defenses could have been asserted well before the February 2001 trial. During the February 2001 trial, Pioneer attempted to assert its defense regarding Monsanto's prior inventorship, that issue was addressed by Judge Reinhard on February 19, 2001. (Hearing Tr. at 1085-1087, 2/19/2001). Judge Reinhard determined that Pioneer was limited to asserting what had been disclosed in the course of discovery and that Pioneer had failed to identify the prior inventorship defense in their discovery supplements. (Hearing Tr. at 1085, 2/19/2001). Judge Reinhard barred Pioneer from presenting the prior inventorship issues. (Hearing Tr. at 1086, 2/19/2001). At that time, Pioneer asserted that DeKalb had waived any objection to the prior inventorship defense by failing to object to the defense in response to Pioneer's trial briefs and

10

demonstrative exhibits. Judge Reinhard determined that while DeKalb should have objected to Pioneer's defense early, their failure to do so did not constitute a waiver as to that defense.

Pioneer realized its mistake in not asserting the prior inventorship defense early on and brought it to this court's attention when it attempted to modify several 26(a)(2) reports and DeKalb moved to have the reports stricken as untimely on January 3, 2001. The 26(a)(2) reports were stricken by this court on February 5, 2001, essentially for the same reasons for which the court is now denying this motion. Pioneer chose how to conduct its discovery. Pioneer chose what defenses it was going to put forward and how those defenses were going to be presented through expert and fact testimony. Pioneer made a conscious decision not to include the Monsanto defense as part of the phalanx that it was putting forward and cannot now change its mind.

**Conclusion**

Pioneer cannot assert its reliance upon the February 1999 agreement in defense of the failure to disclose its intention to use the prior inventorship defense at trial. Whether DeKalb deceptively convinced Pioneer to rely on the Delaware evidence, so that Pioneer would not gather the evidence necessary for the litigation in Illinois, is of no consequence, because Pioneer failed to disclose the defense for which that evidence was intended. Further, whether or not DeKalb will be prejudiced by reopening discovery at this date is also of little consequence, though it is clear that DeKalb will be so prejudiced. At this time, with a trial date already set, and the court unwilling to delay the resolution of this case any further, any additional discovery would disrupt the schedule worked out by the parties and would cause prejudice. Of paramount importance, at this time, is the schedule of the court. This court has been involved with litigation in these cases for over five years. A substantial amount of judicial resources has been expended in relation to these cases. Pioneer has

not sufficiently demonstrated that further delay is necessary. Pioneer's motion for further limited discovery is denied.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 7/31/01